UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――
DENNIS FURSE,

                         Movant,                  16 Civ. 4183 (PAE)
           -v-                                            14 Cr. 332-1 (PAE)

UNITED STATES OF AMERICA,                    ORDER

                        Respondent.
―――――――――――――――――――――――――――――

PAUL A. ENGELMAYER, District Judge:

       On October 22, 2019, movant Dennis Furse filed a motion in the United States Court of Appeals for the Second Circuit, seeking authorization for this Court to consider a successive 28 U.S.C. § 2255 motion. *See* Dkt. 144, Ex. 1.[1] On July 7, 2020, the Second Circuit transferred the motion to this Court "for whatever further action the district court finds appropriate, as if it had been filed directly in the district court." Dkt. 144 at 1–2 (quoting *Whab v. United States*, 408 F.3d 116, 119 (2d Cir. 2005)). The Circuit explained that "the proposed § 2255 motion would not be successive because, at the time it was filed, [Mr. Furse's] prior § 2255 motion was pending in the district court." *Id.* at 1. In its order, the Circuit further noted that Mr. Furse's "§ 924(c) conviction . . . was apparently predicated on conspiracy to commit Hobbs Act robbery, which is no longer a valid § 924(c) predicate." *Id.* at 2 (citing *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019); *see also* Dkt. 74 (judgment listing "nature of offense[s]" as "robbery conspiracy" and "possession of a firearm in furtherance of robbery conspiracy")). The Circuit left for the Court to make, "in the first instance, the determination of whether the transferred § 2255

―――――――――――――――
[1] Unless otherwise noted, all citations to the docket refer to the docket in Furse's criminal case, No. 14 Cr. 332 (PAE).

motion should be treated as a new § 2255 motion or as a motion to vacate the district court's prior order under Federal Rule of Civil Procedure 60(b) and to amend the prior § 2255 motion." *Id.*

Accordingly, the Court directs counsel for Mr. Furse and the Government promptly to confer as to next steps in this case. The Court further directs the Government to submit a letter by July 20, 2020, setting forth its views as to the future course of this matter, and that the defense submit a letter in response by July 27, 2020, setting forth its views. For the limited purpose of representing Mr. Furse in connection with the instant application, the Court reappoints Peggy Cross-Goldenberg, Esq., to serve as his counsel.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: July 9, 2020
        New York, New York